4866/M-Clarif

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-20931-ALTONAGA/BROWN

MAUREEN MOWBRAY,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, and STEINER
MANAGEMENT SERVICES, LLC,

    Defendants.
_____/

**<u>PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION AND/OR CLARIFICATION OF THIS COURT'S ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS FOR FRAUD UPON THE COURT, OR IN THE ALTERNATIVE, MOTION FOR SANCTIONS [D.E. 67]</u>**

COMES NOW the Plaintiff, MAUREEN MOWBRAY (hereinafter "MOWBRAY"), by and through her undersigned counsel and files her Motion for Partial Reconsideration and/or Clarification of this Court's Order denying the Defendants, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES and STEINER MANAGEMENT SERVICES, LLC's, Motion to Dismiss for Fraud Upon the Court, or in the Alternative, Motion for Sanctions [D.E. 67], and states as follows:

1. On December 5, 2008, this Court issued its Order [D.E. 67] denying the Defendants, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES and STEINER MANAGEMENT SERVICES, LLC's, Motion to Dismiss for Fraud Upon

1

the Court, or in the Alternative, Motion for Sanctions (hereinafter "Motion to Dismiss") [D.E. 54].

2. As part of the same Order, the Court granted the Defendants the right to select either of two remedies as a result of the Plaintiff's alleged actions in this case. The Defendants are permitted to either (1) the "costs associated with the ineffective MMPI" administered by Defendants' expert, Dr. Rene Hernandez-Cardenache or (2) "the right to bring elicit in cross-examination before the jury Plaintiff's improper preparation for the MMPI..." See D.E. 67.

3. The Defendants were ordered to communicate their choice of remedy to the Plaintiff, but the Court's Order did not specify a time frame within which the Defendants are to communicate their selection. The Defendants have not yet communicated their selection of remedy to the Plaintiff. Counsel for Plaintiff asked Counsel for Defendants when they would be able to communicate their choice, but Counsel for Defendants was unable to give a specific date. Plaintiff will be prejudiced if the Defendants are not made to select their decision in the very near future.

4. While the Defendants have not communicated their remedy selection to the Plaintiff, the Defendants have advised the Plaintiff that the fees paid to their expert who administered the MMPI is around $15,000. Plaintiff is unsure if the Defendants will seek the recovery of all of these fees, but, if so, the fee is clearly excessive and unconscionable.

5. Additionally, given the important effect that either option will have upon the Plaintiff and her case, the Plaintiff respectfully requests that this Court clarify its Order to specify, at a minimum, the following: (1) the time frame within which the Defendants are to communicate their remedy selection to the Plaintiff; (2) whether the Plaintiff is responsible only for the cost of administering the MMPI or, instead, for the entire fees charged by Dr. Hernandez-Cardenache; and (3) if the Defendants select the costs associated with the MMPI, are the Defendants then prevented from (a) calling Dr. Hernandez-Cardenache as a witness at trial and/or (b) making any reference to the MMPI and/or MOWBRAY's alleged actions discussed in the Defendants' Motion to Dismiss at trial.

6. Pursuant to the Local Rules, the undersigned attorney certifies that he attempted to resolve this matter with counsel for the Defendants. The parties could not reach an agreement.

## Memorandum of Law

### A. Motion for Partial Reconsideration

A motion for reconsideration that is filed within ten days after judgment is entered may be brought pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed.R.Civ.P. 59(e). The Courts have set forth three grounds to consider in a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence and (3) the need to correct clear error or prevent manifest injustice."

<u>Williams v. Cruise Ships Catering and Serv. Int'l. N.V.,</u> 320 F.Supp.2d 1347, 1357 (S.D. Fla. 2004).

The Plaintiff herein respectfully requests that this Court reconsider its ruling granting the Defendants the right to the costs associated with the MMPI administered by Defendants' expert, Dr. Rene Hernandez-Cardenache, in order to prevent manifest injustice given newly disclosed information in the case at hand.

The Plaintiff was recently advised by the Defendants that the purported cost of the MMPI administered by Dr. Hernandez-Cardenache is upwards of $15,000. This amount is not only exorbitant, but unconscionable as well, especially considering that the Plaintiff has insufficient funds to pay excessive fees.  $15,000 is clearly an extremely severe punishment for MOWBRAY's alleged actions, assumedly more severe than this Court had anticipated when it made its ruling. Accordingly, based on the manifest injustice, in the form of such a severe financial penalty, which will result if this Court does not reconsider its previous ruling, the Plaintiff respectfully requests that this Court grant this Motion for Partial Reconsideration and deny the Defendants the right to recover such exorbitant fees associated with Dr. Hernandez-Cardenache should the Defendants select the cost remedy. The Plaintiff further requests that this Court set a reasonable cap as to the amount of costs that may be recovered by the Defendants. See <u>Roger Edwards, LLC v. Fiddes & Son, Ltd.,</u> 405 F.Supp.2d 63 (D.Me. 2005)(Court granted plaintiff's motion for reconsideration of sanctions by modifying the attorney's fees award downward where the attorneys fees requested were excessive).

### B. Motion for Clarification

Motions for Clarification have been granted "in order to ensure that [parties] more clearly understand the directives of this Court..." <u>Broward Coalition of Condominiums, Homeowners Associations and Community Organizations Inc. v. Browning,</u> 2008 WL 4878917 (N.D.Fla. 2008).

In the present case, in order to ensure that the selection of a remedy is made by the Defendants within a reasonable time frame and/or relevant details as to the remedies are specified, given the importance of the remedies to which the Defendants are entitled, an Order clarifying the Court's ruling is warranted so that parties more clearly understand this Court's directives and so that the selection of a remedy is not unreasonably delayed.

First, given the financial impact that the cost remedy will have on the Plaintiff's case, as well as either remedy's impact on trial preparation, the Plaintiff asks this Court to specify the time frame within which the Defendants are to communicate their remedy selection to the Plaintiff. To that end, the Plaintiff would ask that this Court order the Defendants to communicate their selection within five (5) days of any Order clarifying this Court's Order denying the Defendants' Motion to Dismiss for Fraud Upon the Court, or in the Alternative, Motion for Sanctions, should one be issued.

Second, the Plaintiff seeks clarification as to whether she is responsible only for the cost of administering the MMPI or, instead, for Dr. Hernandez-Cardenache's entire expert fees.

Finally, if the Defendants select the costs associated with the MMPI, the Plaintiff seeks clarification as to what practical impact the selection will have at trial. For example, are the Defendants then prevented from calling Dr. Hernandez-Cardenache as a witness at trial and/or from making any reference to the MMPI and/or MOWBRAY's alleged actions discussed by the Defendants in their Motion to Dismiss?

Once again, given the important effect that either remedy to which the Defendants are entitled will have on the Plaintiff's case, the Plaintiff respectfully requests clarification of this Court's Order with respect to the above enumerated details.

WHEREFORE, the Plaintiff, MAUREEN MOWBRAY, prays that this Honorable Court grant her Motion for Partial Reconsideration and/or Motion for Clarification of its Order denying the Defendants, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES and STEINER MANAGEMENT SERVICES, LLC's, Motion to Dismiss for Fraud Upon the Court, or in the Alternative, Motion for Sanctions [D.E. 67], and for whatever other relief the Court deems just and proper.

December 22, 2008
Miami, Florida

        Respectfully submitted,

        By:   /S/Michael C. Black
             MICHAEL C. BLACK, ESQUIRE
             F.B.N. 0056162
             e-mail: mblack@marlaw.com
             CASSIDY & BLACK, P.A.
             8370 West Flagler Street, Suite 252
             Miami, Florida 33144
             Telephone: (305) 559-4962
             Facsimile: (305) 559-2163
             *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1.A.3, the undersigned attorneys certify that they have made a good faith effort to resolve the above issues with counsel for the Defendants without the intervention of this Court, but were unable to reach an agreement.

Respectfully submitted,

By:   */S/Michael C. Black*
      MICHAEL C. BLACK, ESQUIRE
      F.B.N.  0056162
      e-mail:  mblack@marlaw.com
      CASSIDY & BLACK, P.A.
      8370 West Flagler Street, Suite 252
      Miami, Florida 33144
      Telephone: (305) 559-4962
      Facsimile: (305) 559-2163
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */S/Michael C. Black*
      MICHAEL C. BLACK, ESQUIRE

## **SERVICE LIST**

**CASE NO. 08-CV-20931-ALTONAGA/Turnoff**

Susan Brown Vazquez, Esquire
F.B.N. 132489
svazquez@carnival.com
CARNIVAL CORPORATION
3655 NW 87TH Avenue
Miami, Florida, 33178
Tel: 305-406-6628
Fax: 305-406-4732
*Attorneys for Defendant,*
*Carnival Corp. d/b/a Carnival Cruise Lines*

Jerry D. Hamilton, Esquire
F.B.N. 970700
Lori Cooperider, Esquire
F.B.N. 333890
jhamilton@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
200 SE 1st Street
Suite 1102
Miami, FL 33131
Tel:  305-379-3686
Fax:  305-379-3690
*Attorneys for Defendant,*
*Carnival Corp. d/b/a Carnival Cruise Lines*